OPINION. Aiíundell, Judge-. The only issue before us is whether petitioner’s payments to the holders of its debenture bonds were payments of interest on an indebtedness within the meaning of section 23 (b) of the Internal Revenue Code, or whether they were dividend distributions. As we said in Proctor Shop, 30 B. T. A. 721; aff'd., 82 Fed. (2d) 792, none of the decided cases lays down any comprehensive rule by which the question presented may be decided in all cases,-and the decision in each case turns upon its own particular facts and circumstances. The cases have developed criteria which are used as a basis for the determination. Some of the factors relied upon are: The name given the instrument, the presence or absence of fixed maturity date, whether annual payments are dependent upon earnings, the credit status of the holders of the instruments, that is, whether they are superior to or inferior to other creditors of the corporation, and whether the instrument carries with it any right to participate in the management of the company. None of the factors is necessarily controlling. In some cases one factor or another is said to be decisive and in other cases the determination is predicated upon a combination of them. The instrument has been designated a “debenture bond” and the payments thereunder have been called “interest.” While the name given by the parties may not be lightly disregarded, Pacific Southwest Realty Co., 45 B. T. A. 426, 436; aff'd., 128 Fed. (2d) 815, neither is the designation given the instrument conclusive. Jewel Tea Co. v. United States, 90 Fed. (2d) 451, 452. The debentures provided for payment of the principal sum at a specified maturity date in 1951, but this again is not decisive, for it is not unusual for preferred stock to have a maturity or retirement date. Commissioner v. Meridian & Thirteenth Realty Co., 132 Fed. (2d) 182,186; Commissioner v. Kelley Co., 146 Fed. (2d) 466 (C. C. A., 7th Cir.), reversing 1 T. C. 457; Talbot Mills, 3 T. C. 95; aff'd., 146 Fed. (2d) 809 (C. C. A., 1st Cir.). The fundamental basis for our conclusion that these sécurities-are more nearly like preferred stock than indebtedness is the fact that the debentures are unsecured and are subordinated to the claims of all creditors of the petitioner and the payment of interest is not absolute. Indeed, the instrument provides that interest may be “paid or unpaid” at the option of petitioner. This alone is sufficient to distinguish the instant case from Commissioner v. O. P. P. Holding Corporation, 76 Fed. (2d) 11, affirming 30 B. T. A. 337, and Commissioner v. Hood & Sons, Inc., 141 Fed. (2d) 467, upon which petitioner strongly relies. In the O. P. P. Holding Corporation case, supra, the instrument contained a provision permitting the corporation at its option to suspend or defer the payment of interest, but this suspension of payment did not relieve the corporation of the obligation to pay the same at some future time. The accumulated interest could be collected, together with the principal, at the maturity date from the corpus of the debtor’s property. In the instant case the holders of the debentures are entitled to the payment of the principal sum at maturity, but they are entitled only to such interest as the debtor corporation shall determine they may have. While in the Hood case, supra, the interest was payable “only out of and' to the extent of the net earnings of the company,” it was cumulative and payable absolutely at the date of maturity or call, irrespective of the earnings of the company. The taxpayer in the instant case has not contracted to pay any interest, but has the right to pay or not to pay interest as it sees fit. “Stockholders have no absolute right to dividends until they are declared. A creditor has a right to his interest in any event.” Commissioner v. Meridian & Thirteenth Realty Co., supra. Nor is any significance to be attached to the fact that the debenture holders had no voting right, for that again is quite characteristic of preferred shares. See Hood & Sons, Inc., supra. A review of the cases which have been decided discloses none where payments have been held to be interest when such payments could be made solely at the option of the board of directors of the debtor corporation, without an ultimate obligation that interest be paid in any event. The circumstances under which the debentures in question were issued make it clear that their terms were dictated by Huisking and not arrived at by negotiation between the so-called debtor and creditors. No new capital came into the corporation by reason of this financing, and, while there may have been the interest of certain key men to be considered in the plan as undertaken, their interest was small compared with that of Huisking and his family. Section S3 (b) of the Internal Revenue Code is designed to permit of the deduction of genuine interest on a genuine indebtedness. ' For the reasons already set forth we do not think either are- here present. The respondent is sustained. Decision will he entered under Rule 50.